UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HOPE'S WINDOWS, INC.,

                    Plaintiff,

**Hon. Hugh B. Scott**

                v.

04CV8A

**Order**

FIRST PAGE ASSOCIATES, INC., d/b/a WINDOVATIONS,
EDWARD J. PAGE,
BRIAN P. FROELICH, and
DANIEL DAVITT,

                    Defendants.

Before the Court is defendant Brian P. Froelich's ("Froelich") motion to change venue to the United States Bankruptcy Court in the District of New Jersey (Docket Nos. 29, 27[1]). Defendant Daniel Davitt joins in this motion (Docket No. 32).

## BACKGROUND

Plaintiff, a New York corporation based in Jamestown, commenced this breach of contract diversity action in this Court on January 7, 2004 (Docket No. 1), against defendants First Page Associates, Inc., d/b/a Windovations (incorporated in New Jersey), Edward J. Page (a resident of New Jersey), Brian P. Froelich (a resident of New Jersey), and Daniel Davitt (a resident of Pennsylvania) (Docket No. 1, Compl. ¶¶ 2-4). Defendants are a New Jersey

---

[1] The motion consists of the Notice of Motion to Transfer Venue (Docket No. 29), with a proposed Order and Certificate of Service (Docket No. 27); Certification of counsel, with attached exhibits (Docket No. 27)

corporation, currently in bankruptcy, and its officers, directors and/or owners (New Jersey and, Davitt, Pennsylvania residents).

Plaintiff had thirty-nine contracts with defendant First Page Associates, Inc., d/b/a Windovations ("Windovations") between June 2001 and November 2003 to supply defendant with skylights and other window products for defendants' projects.  For the various projects alleged, defendants had not paid the amounts due for the labor and materials in creating these items.  The first cause of action alleges that Windovations owed plaintiff $683,793.30 (see Docket No. 31, Atty. Aff. ¶ 5).  The third cause of action alleges that plaintiff is owed $249,707.60 in unpaid down payments, Docket No. 1, Compl. ¶¶ 137-81; Docket No. 31, Atty. Aff. ¶ 5.  Twenty of these contracts were completed in New York.  Plaintiff, in the second cause of action, seeks relief under New York Lien Law article 3A against defendants Froelich, Page, and Davitt for funds Windovations received from the property owners for Windovations' projects (id. ¶ 6).

On or about February 13, 2004, Windovations filed for bankruptcy in New Jersey, In re First Page Associates, No. 04-14796(DHS) (Bankr. N.J.), and shortly thereafter Edward Page also filed for bankruptcy (Docket No. 31, Atty. Aff. ¶ 7; Docket No. 29, Froelich Memo. at 5).  Froelich answered on February 20, 2004 (Docket No. 12), and Davitt and Page jointly answered on March 10, 2004 (Docket No. 15).  On March 15, 2005, plaintiff voluntarily discontinued this action against Windovations pursuant to Fed. R. Civ. P. 41(a)(1) (Docket No. 28), pursuing a proof of claim in United States Bankruptcy Court for the District of New Jersey in In re First Page Associates (Docket No. 31, Atty. Aff. ¶ 10).

Froelich moves to transfer this action to the Bankruptcy Court in the District of New Jersey, where defendant Windovations presently has its bankruptcy proceeding pending. (Docket No. 29.) Froelich, however, has not filed for bankruptcy himself (neither has joining movant Davitt). Plaintiff argues that Froelich appears to be making this motion on behalf of another party, debtor Windovations (Docket No. 31, Atty. Aff. ¶ 14). Davitt joins in Froelich's motion and arguments in support of changing venue (Docket No. 32).

Responses to this motion were due by April 1, 2005, with reply (if any) due by April 8, 2005. The matter was scheduled for argument on April 21, 2005, and then was deemed submitted on the papers. (Docket No. 30.)

## DISCUSSION

This motion can be analyzed as movants' desire to transfer this action from District Court to the Bankruptcy Court and their general request to transfer this action from this Court to federal court in New Jersey.

I.      Who Is the Movant?

Plaintiff argues that it is not clear which party is seeking the change in venue, contending that Froelich lacks standing to seek a transfer. If the movant is Windovations or its bankruptcy trustee, plaintiff voluntarily dismissed claims against it in March 15, 2005 (Docket No. 28), hence there is no basis for transfer of this action to New Jersey. Further, plaintiff contends that the bankruptcy trustee has not appeared in this action and has no standing to make this motion (Docket No. 31, Pl. Memo. of Law at 5-6). If the movant is Froelich, plaintiff concludes that Froelich did not file for bankruptcy and has indicated no contacts with New Jersey to justify a

transfer.  (Docket No. 31.)   Plaintiff concludes that the statutory factors for transfer under 28 U.S.C. § 1404 weigh against it.

Froelich argues in his memorandum of law that the motion was made by him and Allen Wilen as Liquidating Trustee of defendant First Page Associates, Inc.  (Docket No. 29, Froelich Memo. ("Def. Mem.") at 5.)   He contends that this case is a core proceeding in the Windovations bankruptcy, hence justice and convenience of the parties support transfer to the New Jersey bankruptcy court (id. at 6).  In his reply, Froelich argues that he has standing to seek a transfer because of the Windovations bankruptcy (Docket No. 34, Reply Memo. at 4) without alleging his connection to the debtor or the bankruptcy proceeding, save arguing that the claim against him is meritless and an attempt by plaintiff to pierce debtor Windovations' corporate veil.  He disregards plaintiff's "eleventh hour" dismissal of claims against Windovations (id. at 6).  Froelich argues that this District's only connection to this case is plaintiff's choice of this forum.

The Liquidating Trustee, however, has yet to file a formal appearance in this action and, given the dismissal of claims against debtor Windovations it is unlikely that he would so appear.  Froelich's attorneys do not claim to represent the Liquidating Trustee.

The automatic bankruptcy stay governs claims pending against Windovations and Page.  11 U.S.C. § 362.  The claims against Winovations also were voluntarily dismissed by plaintiff, without objection by any other party.  (Docket No. 28.)  Froelich (and Davitt) has not stated a basis why (as a non-debtor) the claim against him should be heard in a bankruptcy court, regardless of where it is.  As for Davitt who joins to Froelich's motion and the arguments made in its support, he does not explain how, as a Pennsylvania resident, a New Jersey bankruptcy court is a better forum than this Court.

4

If Windovations were still a party here, the arguments raised by Froelich and Davitt to transfer to New Jersey (the convenience of the parties, mostly from debtor Windovations' perspective, and the interests of justice, when considering the pending bankruptcy) would be compelling. Windovations, however, is no longer a party. Even before dismissal of claims against it, the claims against Windovations were automatically stayed by the pending New Jersey bankruptcy after filing for bankruptcy. Although Froelich may have standing to seek a change of venue, the existence of a bankruptcy proceeding in which he is not a party alone does not justify a transfer. Thus, analysis of this motion turns on the convenience of the remaining parties.

II.   Transfer from District Court to Bankruptcy Court

Froelich and Davitt seek to transfer venue from the United States District Court for the Western District of New York to the United States Bankruptcy Court for the District of New Jersey. (Docket Nos. 27, 32.) Froelich cites 28 U.S.C. §§ 1404 and 1412 as authority for this Court to transfer to the Bankruptcy Court. (Docket No. 29, Def. Memo. at 13.) Section 1404 allows for transfer of a civil action "to any other district," id. § 1404(a), while section 1412 allows for transfer of cases under Title 11 (the bankruptcy title) "to a district court for another district, in the interest of justice or for the convenience of the parties," id. § 1412 (emphasis added). Section 1412 is used for causes of action arising under the bankruptcy code. In re Thompson McKinnon Secs., Inc., 126 B.R. 833, 834 (S.D.N.Y. 1991). (Def. Memo. at 13.) Plaintiff distinguishes Thompson McKinnon because that case involved transfer of an adversary proceeding commenced after the filing of the bankruptcy petition, the opposite of what procedurally happened in this case (Docket No. 31, Pl. Memo. at 8).

5

District Court to District Court transfers are recognized, as are Bankruptcy Court to Bankruptcy Court transfers. Defendants, however, seek a transfer from District Court of District A to Bankruptcy Court of District B. A transfer from a district court in one forum to the bankruptcy court in a second has to occur, if permitted, in two steps; first, the district to district transfer would occur, 28 U.S.C. §§ 1404, 1412, then followed by the district court to bankruptcy court referral, see id. §§ 157, 1334(b). There appears to be no authority for a direct transfer from a district court to a bankruptcy court in another district. Cf. Renaissance Cosmetics, Inc. v. Development Specialists Inc., 277 B.R. 5, 19-20 (S.D.N.Y. 2002) (court transferred case from Southern District of New York to the District of Delaware for referral to the Bankruptcy Court there).

Complicating this matter is the fact that the remaining defendants seeking transfer are not debtors in the bankruptcy court they seek to have the action transferred to. As a result, moving defendants' motions to transfer this action to the United States Bankruptcy Court is **denied**. Next, this Court will consider whether to transfer this action to the United States District Court for the District of New Jersey under the traditional inter-district transfer standards.

III.     Inter-District Transfer of Venue

Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Determining whether to grant a transfer is within the sound discretion of this Court. Filmline (Cross Country) Prods. Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989). Froelich and Davitt as movants have the burden of demonstrating why transfer is appropriate. Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978).

Under § 1404(a) courts have identified nine factors that should be considered in determining whether to transfer a case: (1) convenience of witnesses; (2) convenience of parties; (3) location and ease of access to relevant documents; (4) locus of the operative facts at issue; (5) availability of process to compel the attendance of unwilling witnesses; (6) relative means of the parties; (7) comparative familiarity of each district with the governing law; (8) weight accorded to the plaintiff's choice of forum; (9) judicial economy and the interests of justice. The AD Store v. Novica United, Inc., No. 02CV3698, 2003 U.S. Dist. LEXIS 760, at *3 n.1 (S.D.N.Y. Jan. 22, 2003). "Plaintiff's choice [of forum] will not be disturbed unless the movant shows that both the balance of convenience and justice weighs heavily in favor of the transfer." Actmedia, Inc. v. Ferrante, 623 F. Supp. 42, 44 (S.D.N.Y. 1985) (emphasis added); The AD Store, supra, 2003 U.S. Dist. LEXIS 760, at *3.

Plaintiff argues, first, that this action could not have been brought in the bankruptcy court in New Jersey (Docket No. 31, Pl. Memo. at 7-8). It next argues that there is no basis for transferring this action to New Jersey under the factors for transfer under § 1404. Convenience of witnesses and parties, location and ease of relevant documents, availability of process to compel unwilling witnesses, locus of operative facts, plaintiff's choice of law (among the various factors, cf. The AD Store, supra, 2003 U.S. Dist. LEXIS 760, at *3 n.1), all indicate that this Court should hear this case and not New Jersey. (See Docket No. 31, Pl. Memo. at 10-13.) Plaintiff lists twenty witnesses in this district it intends to call. Froelich argues that those witnesses would be repetitive and his witnesses (and presumably the witnesses of the other defendant) are in New Jersey. Froelich, however, has not presented a number of witnesses he intends to call to compare which party may be more inconvenienced by remaining in this forum.

Given that this case involved contracts for the creation of the products that occurred in the Western District of New York (and, pertinent to the pending claims against movants, liens created in this District for those products) for installation in other places (including the District of New Jersey), moving defendants have not met their heavy burden of showing that transfer to New Jersey would be more convenient or in the interests of justice.  They have not, for example, showed that the contracts at issue contemplated performance in New Jersey or called for New Jersey to be the forum for any disputes.  The movants merely dismiss the pending claim against them as an attempt to pierce the corporate veil of a debtor corporation, but such arguments cannot justify transfer to another district.  Therefore, the motion to transfer is **denied**.  See The AD Store, supra, 2003 U.S. Dist. LEXIS 760, at *3.

## CONCLUSION

For the reasons stated above, defendant Brian P. Froelich's motion (Docket No. 29) to transfer venue to the United States Bankruptcy Court for the District of New Jersey, as well as and defendant Daniel Davitt's joinder in this motion to transfer (Docket No. 32), is **denied**.

So Ordered.

s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      April 26, 2005