UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HOPE'S WINDOWS, INC.,
                            Plaintiff,

                                                **Hon. Hugh B. Scott**

                            v.                                    04CV8A

                                                **Order**

FIRST PAGE ASSOCIATES, INC.,
d/b/a WINDOVATIONS, et al.,

                            Defendants.

Before the Court is plaintiff's motion to quash a third-party subpoena purportedly served by defendant Brian Froelich upon plaintiff's bank, HSBC Bank (Docket No. 43, see id. Ex. A; see also Docket No. 49, Froelich Atty. Cert. ¶ 10, Ex. I), seeking production of loan agreements, UCC filings, security interests, loan applications and other documents relied upon by HSBC Bank to extend credit to plaintiff (and its predecessor corporation) from 1995 to December 2004. At oral argument of this motion on October 27, 2005 (see Docket No. 50), plaintiff contended that (to date) the subpoena was never served upon HSBC Bank. Froelich did not dispute this contention. His responding papers, however, claim that the subpoena was "served" (Docket No. 49, Froelich Atty. Cert. ¶ 10), but the proof of service page of the copy of the subpoena he furnished (id. Ex. I) is blank. The motion to quash requires that the subpoena be served upon the target, see Fed. R. Civ. P. 45(b)(1) ("service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person," emphasis added); see also Oscar Gruss & Son v. Geon Indus., Inc., 89 F.R.D. 32, 38 n.7 (S.D.N.Y. 1980) (discussing In re Franklin Nat'l Bank

Sec. Litig., 574 F.2d 662, 668 (2d Cir. 1978), court held it lacked jurisdiction over non-party targets of subpoena where subpoena was not served upon the targets).

Plaintiff argues that this subpoena violates Federal Rules of Civil Procedure 45 and 11. The Rule 11 relief can be dispensed with quickly. Plaintiff failed to file a separate motion seeking Rule 11 sanctions as required by that rule, Fed. R. Civ. P. 11(c)(1)(A), and did not aver that it gave Froelich the twenty-one day safe harbor period prior to moving for sanctions (to allow him to withdraw the offending subpoena), id. Since plaintiff failed to follow the procedures for commencing a Rule 11 sanctions motion, that relief is **denied**.

On the merits of quashing the subpoena, since the subpoena was not served, there is nothing for this Court to quash and a decision regarding the merits of the yet-to-be served process would be an advisory opinion. As a result, this motion to quash is **dismissed**.

## CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 43) to quash the subpoena issued by defendant Brian Froelich (but apparently not served) upon HSBC Bank is **dismissed**; plaintiff's alternative motion for Rule 11 sanctions for issuing that subpoena is also **denied**.

So Ordered.

s/HBS<br>
Hon. Hugh B. Scott<br>
United States Magistrate Judge

Dated: Buffalo, New York
November 1, 2005